IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES T. HOPKINS, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 06-718 |
| vs. ) | Judge Gary L. Lancaster/ |
| ) | Magistrate Judge Amy Reynolds Hay |
| OWNERS OF WEST COAST VIDEO; STEVE ) | |
| MOORE, Assistant Manager West Coast ) | |
| Video; STACY URBAN, Clerk West ) | |
| Coast Video; CITY OF PITTSBURGH ) | |
| POLICE OFFICERS; and THE CITY OF ) | |
| PITTSBURGH; ) | |
| ) | |
| Defendants ) | Re: Dkt. [14-1]. |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the motion to dismiss filed by the Defendant City of Pittsburgh be granted and the federal law claims against the City be dismissed with prejudice. It is further recommended that all of the federal law claims be dismissed against all the non-moving defendants pursuant to the screening provisions of the PLRA. It is also recommended that the court decline to exercise supplemental jurisdiction over the state law claims.

REPORT

James T. Hopkins ("Plaintiff"), was, at the time of filing this present suit, a state prisoner at SCI-Dallas. He executed his in forma pauperis application on May 27, 2006. He complains of events which gave rise to a cause of action that accrued, at the earliest on November 16, 2001, when he was arrested, and, at the latest, on June 23, 2003, when he was acquitted of the charges stemming from the November 16, 2001 arrest. The Defendant City of Pittsburgh points out in its motion to dismiss, filed pursuant to Fed.R.Civ.P. 12(b)(6), that Plaintiff's complaint is time barred by the two year statute of limitations applicable to his federal claims. In response,

Plaintiff argues that a three year statute of limitations is applicable. Because the City is correct and Plaintiff is wrong, the City's motion to dismiss should be granted. In addition, because this same reasoning as to the statute of limitations bar applies to all of the defendants, the federal claims against all defendants should be dismissed sua sponte by the court pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA").

### A. Applicable Legal Standards of Review

#### 1. Motion to Dismiss under Fed.R.Civ.P. 12(b)(6)

The Court of Appeals for the Third Circuit has announced the standard of review which is applicable to motions to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6), stating that "[Courts] must determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

#### 2. PLRA screening

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA in relevant part amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). Here, Plaintiff has been granted IFP status, Dkt. [2], and was at the time of filing, a prisoner within the meaning of 28 U.S.C. §1915.[1] Thus, Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

In performing the court's mandated function of sua sponte review of complaints under 28 U.S.C. § 1915(e) to determine whether they state a claim upon which relief can be granted, a federal district court applies the same standards applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (4th Cir. 1997) (Table).

The court's obligation to dismiss a complaint under the PLRA is not excused even after defendants have filed a motion to dismiss if it appears to the court that the complaint fails to state a claim based upon grounds which were not raised by the defendants in their motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for

---

[1] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

dismissal which was not relied upon by the Defendant in his motion, the court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez.

In reviewing complaints as mandated by 28 U.S.C. §1915(e), and in applying the standards under Fed.R.Civ.P. 12(b)(6), courts may take judicial notice of public records, court orders and exhibits which are attached to the complaint. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). See also Lloyd v. United States, No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under §1915A.").

### B.  Procedural and Factual history

Plaintiff utilized the pre-printed form complaint provided to prisoners by the Clerk's Office.  In response to a question on that form complaint as to what federal law Plaintiff claims was violated, Plaintiff stated as follows: "False charges, False imprisonment, False accusations, Malicious Prosecution, Obstruction of Justice, Pain [and] Suffering, Slander, False Prosecution, Destruction of Marriage, False Representation, Denial of Treatment, [and] Denial of Equal Protection." Dkt. [3] at 2, ¶III.  Plaintiff listed the date of the event giving rise to his cause of action as November 16, 2001.

> The entire factual allegations of the complaint are as follows:
>
> On 9/5/01 a robbery took place at West Coast Video, 4614 Liberty Avenue, Pittsburgh, Pa. 15224 (Police report).  On 11-15-01, the evening news ran a tape footage of Plaintiff James Hopkins being arrested on a[n unrelated] robbery charge and Defendant Stacy Urban saw the footage and immediately notified Detectives claiming that Plaintiff was the same "Black male" who had robbed her on 9/5/01.  Plaintiff had paid his bail on the [unrelated] robbery he was originally arrested for and was about to be discharged from the Allegheny County Jail when officers arrived and arrested Plaintiff for the robbery that took place . . . 9/5/01 at

4

> West Coast Video, Plaintiff had to post another bail of $10,000 straight, this particular case went to trial in 2003 and based on "fraudulent fingerprints" left at the scene by the robber who really did commit the crime[,] the Plaintiff was found "not guilty" by a jury.  Defendants Stacy Urban, and Steve Moore testified during the trial and gave false statements, false testimony and false descriptions, both Defendants pointed at Plaintiff in the courtroom and swore that Plaintiff was the "Black male" who had robbed them on 9/5/01 with a kitchen knife and locked them in a backroom and threatened to kill them if they came out.  Officers J. [Badge] # 2365, G. Trosky #2630, L. Johnson # 2925, S. Fulton # 3273, W. Wilson # [illegible], Lt. Scott # 3580, Engelhart # 351[?] all participated in this investigation and arrest.

Dkt. [3] at 3 to 4.

Although not explicitly referencing 42 U.S.C. § 1983, Plaintiff's complaint, liberally construed, alleges violations of his federal constitutional rights as for example his equal protection claim, his denial of treatment claim (i.e., Eighth Amendment),[2] and Fourth Amendment false arrest and/or malicious prosecution.  See, e.g., Laufgas v. Patterson, 206 Fed.Appx. 196, (3d Cir. 2006)(setting forth elements of a malicious prosecution claim pursuant to Section 1983, and referencing Fourth Amendment as source of protection against malicious prosecution); Holmes v. McGuigan, 184 Fed.Appx. 149 (3d Cir. 2006)(addressing claim of false arrest and addressing it under the Fourth Amendment).  As a result, Plaintiff's complaint is alleging federal causes of action under 42 U.S.C. § 1983.  See Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992)("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.").

The Defendant City of Pittsburgh filed a motion to dismiss,  to which they attached a docket sheet of the criminal case wherein Plaintiff was charged with robbing West Coast Video,

---

[2] Although not clear from the complaint, in his brief in opposition to the City's motion to dismiss, Plaintiff clarifies that his denial of treatment occurred shortly after his arrest. Dkt. [20] at 3, ¶C.2. ("Plaintiff was physically assaulted while being arrested by said officers acting under color of law, than [sic] denied medical treatment which had to be obtained later by Plaintiff after making bail some days later.").

for which he was arrested on November 16, 2001. That docket sheet shows that Plaintiff was found not guilty of the robbery charge as of June 24, 2003. The court takes judicial notice of the docket in Plaintiff's criminal case.[3] The City argued that because the latest that Plaintiff's federal causes of action could have accrued under Heck v. Humphrey, 512 U.S. 477 (1994) was June 24, 2003, and Plaintiff did not file his suit until, at the earliest May 27, 2006, Plaintiff failed to meet the two year statute of limitations applicable to Section 1983 causes of action commenced in the federal courts located within Pennsylvania.

In response, Plaintiff argued that a three or four year statute of limitations is applicable and therefore his complaint was timely filed. Dkt. [20].

**C. Discussion**

    **1. Federal law claims are time barred**

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983. Wilson v. Garcia, 471 U.S. 261, 267 (1985). The Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate state. See id. The Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the Federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985)("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed between the time the cause of action accrues and the

---

[3] That docket is available at the following site:

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=79830020&arch=0&ST=4/18/2007%202:36:15%20PM

limitation period runs out.  See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

      Plaintiff's only argument against the statute of limitations is that a three year statute of limitations governs Section 1983 claims.  In support of this proposition, he cites, inter alia, Board of Regents v. Tomanio, 446 U.S. 478, 483 (1980).  However, his reliance on Tomanio and the other cases he cites is misplaced.  The cases cited by Plaintiff were all decided in situations wherein the Section 1983 claims were brought in states other than Pennsylvania, such as New York, in the case of Tomanio, whose state statute of limitations provides for a three year period unlike Pennsylvania's which provides for a two year period.  Hence, Plaintiff's argument is unavailing.

      The date for accrual of a Section 1983 claim (when the statute of limitations period begins to run) is a matter of federal law.  Albright v. Oliver, 510 U.S. 266, 815 n.6 (1994).  A claim accrues when the plaintiff knew or had reason to know of the injury.  Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998), *citing* Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991).  The date when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant, triggers the limitations period.  Montgomery, 159 F.3d at 126 (date of arrest triggers limitation period for false arrest claim).

      The "prisoner mail box rule" provides that a pro se prisoner's complaint is "deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(dealing with habeas petitions); Casanova v. DuBois, 304 F.3d 75, 79 (1st Cir. 2002) (applying mail box rule to civil rights complaint).  In the absence of evidence as to when the Plaintiff gave his Section 1983 complaint to the prison authorities for mailing, the court deems the complaint to have been filed, at the earliest, on the date he executed

his IFP application, i.e., May 27, 2006.  Cromwell v. Keane, 27 Fed.Appx. 13, 14 (2d Cir. 2001)("In the absence of other evidence regarding the date on which Cromwell's petition was handed to prison officials for mailing, we consider his petition to have been filed on September 2, 1997, the date on which petitioner signed his in forma pauperis application. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 165 (S.D.N.Y.2000) (collecting cases).").

Plaintiff executed his motion for leave to proceed in forma pauperis on May 27, 2006.  Therefore, if any of his causes of action accrued prior to May 27, 2004, they would be time barred under the two year statute of limitations applicable to a Section 1983 action.

Here, Plaintiff alleges that he was falsely arrested on November 16, 2001.  Therefore, he should have known on that date the "fact of injury and its causal connection to the defendant[s]." Montgomery, 159 F.3d at 126   Because he did not file his complaint until May 27, 2006, more than two years after his cause of action accrued, any cause of action against the City for false arrest is time barred.  The false arrest claim should be dismissed.

However, as the City points out, some of Plaintiff's causes of action, (i.e., those which would necessarily call into question the validity of the charges, such as his claim for malicious prosecution), would not have accrued, until a favorable termination occurred in the prosecution as required by Heck v. Humphrey, 512 U.S. 477 (1994).  However, again as the City points out, such favorable termination occurred on June 24, 2003.  Hence, under the two year statute of limitations applicable to Section 1983 claims brought in federal courts located within Pennsylvania, Plaintiff would only have had until June 24, 2005 in which to file his lawsuit.  Again, Plaintiff is not deemed to have filed his lawsuit, until, at the earliest, on May 27, 2006, nearly eleven months after the two year statute of limitations lapsed.  Accordingly, all of Plaintiff's claims against the City should be dismissed as time barred.

While it is true that the remaining defendants[4] did not file a motion to dismiss raising the statute of limitations defense, because the reasoning above applies equally to the other defendants, this court recommends that Plaintiff's federal claims against the other defendants be dismissed for failure to state a claim upon which relief can be granted because the federal claims are time barred. To the extent that notice and an opportunity to be heard should be provided to the Plaintiff regarding dismissal of the federal claims against the other defendants, the court notes that he has already been provided notice that the statute of limitations was an issue and he has already been provided an opportunity to respond to that issue. However, additional notice is provided by this report and an opportunity to respond is provided in objections. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) ("Here, the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, *1 (6th Cir. 1998)(same).

### 2. State law claims

In addition to the federal Section 1983 claims, Plaintiff appears to be making state law claims. In light of the recommended grant of dismissal of all of the federal claims, upon which the federal Court's jurisdiction was predicated, there does not affirmatively appear on the record any reason for the court to exercise supplemental jurisdiction over these state law tort claims. See, e.g., Boneburger v. Plymouth Township, 132 F.3d 20, 23 n.1 (3d Cir. 1997)("where federal

---

[4] Service has not been perfected upon the following Defendants: City of Pittsburgh Police Officers, Owners of West Coast Video, Steve Moore and Stacy Urban. Service was attempted without success on these Defendants at addresses provided by Plaintiff.

claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'")(*quoting* Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995));  28 U.S.C. § 1367(c)(3) which permits a district court to "decline to exercise supplemental jurisdiction over a [state law] claim ... if [it] has dismissed all claims over which it has original jurisdiction . . . ."  Hence, the state law claims should be dismissed without prejudice to being filed in state court, assuming that they, too, are not time barred.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        /s/ Amy Reynolds Hay
        AMY REYNOLDS HAY
        United States Magistrate Judge

Dated:   24 April, 2007

cc:    The Honorable Gary L. Lancaster
       United States District Judge

       James T. Hopkins
       GL-2311
       SCI Dallas
       1000 Follies Road
       Dallas, PA 18612

       All counsel of record by Notice of Electronic Filing